UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABELARDO CRUZ, | Case No. 2:26-cv-01148-MMD-NJK |
| Petitioner, | ORDER |
| v. | |
| PAM BONDI, *et al.*,[1] | |
| Respondents. | |

I.      **SUMMARY**

Petitioner Abelardo Cruz, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a counseled first amended federal habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 7 ("Petition").)[2] Because the immigration judge ("IJ") improperly found Petitioner subject to mandatory detention contradictory to *Jacobo-Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026), the Court grants the Petition and orders Petitioner's release.

II.     **RELEVANT BACKGROUND**

Petitioner is an asylum-seeker from Mexico who entered the United States without inspection two decades ago. (ECF No. 7 at 4.) On August 2, 2025, he was arrested for drug possession of less than 14 grams. (*Id.*) The State of Nevada denied the charge the

---

[1]The parties request replacement of former Attorney General Pamela Bondi with current Attorney General Todd Blanche. "An action does not abate when a public officer who is a party in an official capacity … ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The Court will therefore order this substitution.

[2]Respondents filed a response (ECF No. 13) and Petitioner replied (ECF No. 14).

following day, opting not to file a criminal complaint. (*Id.*) Petitioner was ordered released but was instead detained by Immigration and Customs Enforcement ("ICE") on August 4, 2025. (*Id.*) He has now been in ICE detention for nearly eleven months. In December, Petitioner's applications for asylum and withholding of removal were denied. (*Id.* at 5.) Petitioner filed an appeal. (*Id.*)

On March 30, nearly eight months into his ICE detention, Petitioner had a bond hearing before an IJ. (*Id.*) The IJ denied Petitioner's bond, finding the IJ lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) because Petitioner was subject to mandatory detention under 8 U.S.C § 1225(b). (ECF No. 7-5 at 2.) The IJ stated that "[i]n the alternative," Petitioner was a danger to the community due to his drug possession arrest and a DUI from 2014 where Petitioner was sentenced to 16 days in jail. (*Id.*) That same day, March 30, Judge Boulware granted class-wide declaratory judgement in favor of plaintiff-petitioners who ICE misclassified as subject to mandatory detention under 8 U.S.C § 1225(b)(2) based on *Matter of Yajure Hurtado*. *See Jacobo Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

Petitioner sought habeas corpus relief in this Court on April 14. (ECF No. 1-1.) After the Court appointed counsel (ECF No. 3), Petitioner filed a first amended petition. (ECF No. 7.) Petitioner also filed a notice of class membership, asserting he was entitled to relief under the *Jacobo-Ramirez* declaratory judgement. (ECF No. 9.)

### III.   LEGAL STANDARDS

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in

custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Immigration and Nationality Act ("INA") outlines when noncitizens may or must be civilly detained and what relevant procedural safeguards apply. *See* 8 U.S.C. §§ 1101 *et seq.*. Section 1226(a) "sets out the general rule" regarding the arrest, detention and release of noncitizens "present in the country" who are allegedly subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). The statute grants the Department of Homeland Security ("DHS") the discretion to either detain or release on bond those noncitizens arrested and facing removal proceedings. *See* 8 U.S.C. § 1226(a). Three other sections of the INA carve out circumstances when a noncitizen may be subject to mandatory detention. Section 1226(c) outlines specific criminal history which triggers mandatory detention. *See id.* at § 1226(c). Section 1225 applies to noncitizens who are "applicants for admission" and imposes expedited removal procedures and generally mandates detention. *Id.* at § 1225(b). Section 1231 imposes mandatory detention for those with final orders of removal. *See id.* at § 1231(a)(2)(A).

## IV.    DISCUSSION

Respondents' sole argument in response to the Petition is that Petitioner is not a *Jacobo-Ramirez* class member. (ECF No. 13.) Respondents outline the five requirements to qualify as a class member in *Jacobo-Ramirez*: "non citizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United

3

States." (ECF No. 13 at 2 (citing *Jacobo-Ramirez*, 2026 WL 879799, at *33).) Respondents argue that "the fourth criterion does not apply to Petitioner and removes Petitioner from class membership." (*Id.*) But Respondents do not demonstrate or seemingly even argue that Petitioner was or is subject to mandatory detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. Respondents instead claim this fourth element does not apply to Petitioner because the IJ alternatively found Petitioner to be a danger to the community. (ECF No. 14 at 2.) But by pointing to the IJ's dangerousness finding, Respondents effectively concede that Petitioner is not being detained by statutory mandate but rather discretionarily under 8 U.S.C. § 1226(a). The Court therefore rejects Respondents' argument and finds Petitioner is a class member entitled to relief under *Jacobo-Ramirez.*

By invoking the IJ's alternative dangerousness finding, Respondents seem to indirectly argue that Petitioner received a sufficient bond hearing under 8 U.S.C. § 1226(a). (ECF No. 13 at 2.) The Court however agrees with Petitioner that the IJ primarily and improperly relied on lack of jurisdiction to deny Petitioner's bond and that this "tainted the proceedings." (ECF No. 14 at 2.)[3]

The class-wide relief afforded by the declaratory judgement in *Jacobo-Ramirez* includes "consideration for release on bond by immigration officers and immigration judges" rather than immediate release. (*Id.* at 6 (citing *Jacobo-Ramirez*, 2026 WL 879799, at *33).) However, a district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S.

---

[3]The Court does not reach the issue of whether the IJ abused his discretion in his alternative finding of dangerousness. *See Martinez v. Clark*, 124 F.4th 775, 779, 782-83 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212-22 (2024)) (finding that while a district court does not have jurisdiction to review underlying factual determinations by an IJ, the court retains jurisdiction to review an IJ's application of the law for abuse of discretion). However, the Court questions the IJ's reliance on a 15-year-old DUI conviction and an arrest on a low-level drug possession offense where the charge was never filed does not appear to support a finding of dangerousness authorizing continued detention under *Matter of Guerra,* 24 I&N Dec. 37 (BIA 2006). (ECF No. 7 at 9.)

118, 127-28 (2022). Recently, the Court has ordered *Jacobo-Ramirez* class member petitioners immediately released, rather than granting new bond hearings. *See, e.g., Portillo v. Blanche*, No. 2:26-CV-01373-RFB-MDC, 2026 WL 1493876, at *6-9 (D. Nev. May 28, 2026); *Lopez Pinto v. Mattos*, No. 2:26-CV-00974-MMD-DJA, 2026 WL 1708201 (D. Nev. June 12, 2026). Here, Petitioner has been held in detention for nearly a year on an unlawful basis. The Court therefore finds that release, "the typical remedy" for "unlawful executive detention," is the appropriate remedy here. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008).

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 7.) Respondents must immediately release Petitioner no later than 5:00 PM on Monday, June 29, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Tuesday, June 30 confirming Respondents' compliance with this Order.

It is further ordered that the Clerk of Court replace Respondent Pamela Bondi with Attorney General Todd Blanche.

///

///

///

///

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 26th Day of June 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE